IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ANDRE WHITFIELD,**

    Petitioner,

v.                                                   Civil Action No. **3:14CV104**

**ERIC WILSON,**

    Respondent.

## REPORT AND RECOMMENDATION

Andre Whitfield, a federal inmate proceeding *pro se*, filed this petition for habeas corpus under 28 U.S.C. § 2241 (hereinafter "§ 2241 Petition," ECF No. 1). The matter is before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). Whitfield challenges the Bureau of Prisons's (hereinafter "BOP") method of awarding good conduct time credit ("GCT") and argues that he is entitled to more than he has been awarded. Respondent has moved to dismiss (ECF No. 11) or in the alternative for summary judgment on the ground that Whitfield's claim lacks merit (ECF No. 12). Whitfield has filed a Response (ECF No. 15). For the reasons that follow, it is RECOMMENDED that summary judgment be GRANTED and the § 2241 Petition be DISMISSED because Whitfield has received all the credit he is due.

**A. Standard for Summary Judgment**

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is the responsibility of the party seeking summary

judgment to inform the Court of the basis for the motion, and to identify the parts of the record that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

In reviewing a summary judgment motion, the Court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). However, a mere scintilla of evidence will not preclude summary judgment. *Anderson*, 477 U.S. at 251 (citing *Improvement Co. v. Munson*, 81 U.S. (14 Wall.) 442, 448 (1872)). "'[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the onus of proof is imposed.'" *Id.* (quoting *Munson*, 81 U.S. at 448). Additionally, "'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting

*Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992)); *see* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials . . . .").

In support of his Motion for Summary Judgment, Respondent submits: (1) the Declaration of Marcus Boudreaux, a Management Analyst at the Designation and Sentence Computation Center in Grande Prairie, Texas (Mem. Supp. Mot. Summ. J. Ex. 1 ("Boudreaux Decl."), ECF No. 14-1); (2) records from Whitfield's criminal proceedings (Boudreaux Decl. Attachs. 1-2); (3) Whitfield's BOP sentence computation records (*id.* Attachs. 3-4); (4) the Declaration of Melissa Hill, the Supervisor of Education at the Federal Correctional Complex in Petersburg, Virginia ("FCC Petersburg") (Mem. Supp. Mot. Summ. J. Ex. 2 ("Hill Decl."), ECF No. 14-6); and, (5) the BOP's education records for Whitfield (Hill Decl. Attachs. 1-4). Whitfield has responded with his own affidavit. (Resp. Ex. 1, ECF No. 15-1.)

In light of the foregoing principles and submissions, the following facts are established for purposes of the Motion for Summary Judgment. The Court draws all permissible inferences in favor of Whitfield.

B. **Summary of Pertinent Facts**

The following facts are largely undisputed by Whitfield. On August 15, 2007, state authorities in Chesterfield County arrested Whitfield. (Boudreaux Decl. ¶ 5.) The following day, the state released Whitfield and the charges were dropped. (*Id.*) On August 17, 2007, federal authorities arrested Whitfield on federal charges. (*Id.* ¶ 6.) Whitfield has remained incarcerated since that time. (*Id.*) On March 5, 2008, this Court sentenced Whitfield to 192 months of incarceration for drug and firearm offenses. (*Id.*

¶ 7 (citation omitted).) On March 14, 2012, this Court reduced Whitfield's sentence to 180 months. (*Id.* ¶ 8 (citation omitted).)

The BOP calculated Whitfield's sentence "begin" date as March 5, 2008, and credited him with prior custody credit from August 15, 2007 through March 4, 2008. (*Id.* ¶¶ 9-10 (citing Attach. 3, at 1-3).) During each of the first five anniversary years of service of his federal sentence, or from August 14, 2007 until August 13, 2012, Whitfield received 54 days of GCT because he was making progress toward attaining his General Education Development ("GED") diploma. (*Id.* ¶ 11 (citing Attach. 4, at 1).)

On April 29, 2013, Whitfield withdrew from the GED program at FCC Petersburg. (Hill Decl. ¶ 5 (citing Attach. 1, at 1).) Whitfield signed an acknowledgment regarding his educational obligations while incarcerated, stating:

> I have been counseled by the GED Literacy Coordinator concerning re-enrollment into the Literacy Program. I understnad [sic] that if I have a VCCLEA or PLRA sentence, I may lose Good Conduct time if I do not enroll in the Literacy Program. I may also lose GCT if I drop from the Literacy Program.

(Hill Decl. Attach. 1, at 1.) Despite receiving and acknowledging the warning, Whitfield chose to drop the Literacy Program. (*See id.*) As a direct result of his withdrawal from the Literacy Program, FCC Petersburg placed Whitfield in "GED Progress Unsatisfactory" status. (Hill Decl. ¶ 6 (citing Attach. 3, at 1).) After being place in GED Progress Unsatisfactory Status, Whitfield began to earn a reduced rate of 42 days a year of GCT for the anniversary year starting August 14, 2012. (*Id.* (citing Attach. 4, at 1).) From that date, until the present, Whitfield has earned 42 days a year of GCT for his continued failure to make satisfactory progress toward his GED. (*Id.* ¶ 7.) Whitfield may

re-enter the Literacy Program at any time and will be eligible to receive the maximum amount of 54 days of GCT a year. (*Id.* ¶ 8.)

C. **Analysis**

Whitfield argues that the "BOP failed to follow its own rules regarding the award of good time credits resulting from educational attainment." (§ 2241 Pet. 8.)[1] Whitfield argues that because he has completed 414 educational hours and the "BOP requirements for eligibility for good time credits is 240 hours," he should be earning 54 hours of GCT despite his withdrawal from the Literacy Program. (*Id.*) In his Response to the Motion for Summary Judgment, Whitfield expands his argument and claims:

> Respondent appears to be of the mistaken belief that the Petitioner has not complied with BOP requirements to receive the full amount of GCT merely because [Whitfield] has completed more than 240 hours within one single period in a GED Progress Satisfactory Status, then chose the option to voluntarily withdraw from the Literacy Program. Respondent's belief, however, is erroneous.

(Resp. 7.) Whitfield argues that the "true interpretation of 18 U.S.C. § 3624(b), (F) required only the completion of 240 hours ... in a functional literacy program, not a high school diploma or a GED certificate. Which is clearly stated within 28 C.F.R. § 544.70 . . . ." (*Id.*) As discussed below, Whitfield's interpretation of the statute and related regulations is incorrect.[2]

The Prison Litigation Reform Act ("PLRA") established a "mandatory functional literacy program for all mentally capable inmates who are not functionally literate . . . ."

---

[1] The Court corrects the capitalization in the quotations from Whitfield's submissions.

[2] Whitfield does not argue that the BOP denied him due process by reducing his rate of earned GCT. Moreover, Whitfield himself withdrew from the Literacy Program; thus, his reduced earning rate was directly caused by his own action, not by any action taken by the BOP.

5

18 U.S.C. § 3624(f)(1).[3] Inmates are required to participate in the program for a period of time "sufficient to provide the inmate with an adequate opportunity to achieve functional literacy . . . ." *Id.* § 3624(f)(2). The BOP is required to provide "appropriate incentives which lead to the successful completion of such programs . . . ." *Id.* Pursuant to the regulations promulgated to effectuate these statutory mandates, inmates lacking a high school diploma or GED are required to participate in the literacy program "for a minimum of 240 instructional hours or until a GED is achieved, whichever occurs first." 28 C.F.R. § 544.70. Failure to complete 240 instructional hours can result in disciplinary action against the inmate. *See* 28 C.F.R. § 544.75.

Inmates who are "serving a term of imprisonment of more than 1 year . . . may receive [GCT] toward the service of [their] sentence . . . of up to 54 days at the end of each year . . . ." 18 U.S.C. § 3624(b)(1). However, "[i]n awarding credit under this section, the [BOP] shall consider whether the prisoner . . . has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree." *Id.* Accordingly, "[f]or inmates serving a sentence for an offense committed on or after April 26, 1996, the [BOP] will award . . . 54 days of credit for each year served . . . if the inmate has earned or is making satisfactory progress toward earning a GED credential or high school diploma." 28 C.F.R. § 523.20(c)(1). The inmate "shall be deemed to be making satisfactory progress toward earning a GED credential or high school diploma unless and until the inmate receives a progress assignment confirming that: . . . [t]he inmate has withdrawn from the literacy program." 28 C.F.R. § 544.73(b)(1)(iii).

---

[3] Whitfield does not dispute that he is subject to the PLRA.

> At the end of 240 instructional hours . . . the unit team during scheduled program review sessions shall meet with the inmate to encourage continued participation in the literacy program until the inmate earns a GED credential or high school diploma. At these meetings, the inmate may elect not to continue in the literacy program, and no disciplinary action will be taken.

*Id.* § 544.73(c). "[I]f the inmate has not earned or is not making satisfactory progress toward earning a GED credential or high school diploma," the BOP shall award only 42 days of GCT. *Id.* at § 523.20(c)(2).

Whitfield completed the mandatory 240 hours of instruction and then voluntarily withdrew from the program on April 29, 2013, resulting in the "GED Progress Unsatisfactory" status. (*See* Hill Decl. ¶ 5, Attach. 1, at 1.) It is also undisputed that Whitfield "has not earned" and is no longer "making satisfactory progress toward earning a GED credential or high school diploma." 28 C.F.R. § 523.20(c)(2). The regulations provide that voluntary withdrawal from the literacy program cause an inmate like Whitfield to lose his "GED Progress Satisfactory" status, and therefore, under 18 U.S.C. § 3624(b)(1), Whitfield became ineligible to earn 54 hours of GCT. *See Livengood v. Bureau of Prisons*, 503 F. App'x 104, 106-07 (3d Cir. 2012); *Holley v. Carter*, No. 1:13CV173, 2014 WL 2532487, at *4-5 (N.D. W. Va. June 5, 2014). Contrary to Whitfield's assertion, "[c]ompleting 240 hours in § 3624(f)'s literacy program merely prevented the BOP from disciplining [him] when he decided to withdraw from the program" but did not entitle him to keep earning 54 days of GCT. *De La Cruz v. Zickefoose*, 450 F. App'x 123, 126 (3d Cir. 2011); *see* 28 C.F.R. § 544.75. In order to maintain earning GCT at a rate of 54 days a year, Whitfield must earn his GED or

7

satisfactorily continue that pursuit. Because the reduction in his GCT earning rate from 54 days to 42 days a year was authorized by both the regulation and statute, Whitfield's claim lacks merit. *See Livengood*, 503 F. App'x at 106-07; *cf. Holley*, 2014 WL 2532487, at *5.

**D.     Conclusion**

Accordingly, the Court RECOMMENDS that the Motion for Summary Judgment (ECF No. 12) be GRANTED, Whitfield's claim be DISMISSED, and the § 2241 Petition be DENIED.

Whitfield is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. *See* Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the Report and Recommendation may result in the dismissal of his claims, and it may also preclude further review or appeal from such judgment. *See Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir. 1984).

The Clerk is DIRECTED to send a copy of this Report and Recommendation to Whitfield and counsel for Respondent.

It is so ORDERED.

                                                                    /s/ *RCY*
                                                            Roderick C. Young
APR 2 9 2015                                                United States Magistrate Judge
Date: April ____, 2015
Richmond, Virginia